## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

     *Plaintiff,*

     v.

THOMAS MURTHA,

     *Defendant.*

No. 3:17-cr-00180 (MPS)

## RULING ON MOTION FOR COMPASSIONATE RELEASE

Defendant Thomas Murtha, who is serving a sentence of imprisonment at Ashland Federal Correctional Institution (camp) in Kentucky, has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment and immediate release from custody due to the dangers posed by the COVID-19 virus. ECF No. 120. The Government filed a memorandum in opposition, ECF No. 125, to which Murtha filed a reply brief, ECF No. 128. The Government has also submitted statements from some of the victims of Mr. Murtha's offense; most of those who communicated with the Government on the subject oppose Murtha's release. Separately, the Court received a letter from an associate of Mr. Murtha urging his release. I have carefully considered all these materials. For the reasons that follow, Murtha's motion is denied.

On August 16, 2017, a grand jury returned an indictment charging Murtha with four counts of wire fraud in violation of 18 U.S.C. § 1343. ECF No. 36. On May 30, 2018, he pled guilty to Count Three of the indictment. ECF No. 66. On November 16, 2018, I sentenced the defendant to 78 months of imprisonment, to be followed by three years of supervised release, and ordered Mr. Murtha to pay restitution to his victims. ECF No. 111. Murtha reported to the Bureau of

Prisons ("BOP") in late November 2018 and has served approximately 25 percent of his sentence.

His projected date of release is June 8, 2024.[1]

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Because the Sentencing Commission has not updated its policy statement applicable to Section 3582(c)(1)(A), *see* U.S.S.G. § 1B1.13, to take account of the defendant's statutory right to file a motion with the Court after exhausting remedies,[2] I have previously found that the provisions of U.S.S.G. § 1B1.13—though still providing useful guidance—are obsolete, and thus that the statutory language requiring that the sentence reduction be "consistent with applicable policy statements by the Sentencing Commission" is not currently operative.  *See United States v. Harding*, 2020 WL 2988955, at *1 (D. Conn. June 4, 2020); *see also United States v. Rodriguez*, 2020 WL 1627331, at *4 (E.D. Pa. April 1, 2020).[3]

Therefore, I may reduce Murtha's term of imprisonment if (1) he has fully exhausted his

---

[1] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited July 23, 2020).

[2] This right was established by the First Step Act, Pub. L. No.115-391, enacted in 2018; prior to that, only the Director of the BOP could file a motion under Section 3582(c)(1)(A).

[3] Even if I found that U.S.S.G. § 1B1.13 was operative—and binding due to its incorporation into the statute—it would not affect the outcome here.  The policy statement is more restrictive than the statute alone.  For example, the Application Notes might be read to suggest that a defendant such as Murtha who seeks release based on medical conditions must demonstrate that he or she not only "suffer[s] from a serious physical or medical condition" but also one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii). Murtha, who self-reported that he considers himself to be in "good health" on November 12, 2019, does not suffer from a serious physical or medical condition, and is plainly capable of providing self-care within the environment of a correctional facility. ECF No. 123-3 at 6.

administrative remedies or 30 days have passed from receipt of his request by the Warden, and (2) I find, after considering the Section 3553(a) factors, that "extraordinary and compelling reasons warrant" a reduction of his term of imprisonment.

Murtha has met the exhaustion requirement because the Warden denied his first request, submitted on March 30, 2020. ECF No. 123-4 at 2. As to the merits of Murtha's motion, however, I find that he has not shown that there exist "extraordinary and compelling reasons" to warrant a reduction of his term of imprisonment and grant his release.

Murtha argues that he is at high risk for serious illness or death from COVID-19 because of his age, potential lung damage from asbestos exposure, and high cholesterol. ECF No. 121 at 1. Murtha is currently 64 years old. ECF No. 121 at 9; ECF No. 123-5 at 8. According to the Centers for Disease Control and Prevention ("CDC"), "the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."[4] Age-related risk increases on a sliding scale, and the "greatest risk for severe illness from COVID-19 is among those aged 85 or older."[5] Thus, with respect to Murtha's age, he is at greater risk for severe illness from COVID-19 than persons in their 40s or 50s, but faces a lower risk than persons in their 70s, 80s, or older.

Murtha also cites his hyperlipidemia diagnosis as a basis for demonstrating his increased risk of severe illness from COVID-19. ECF No. 121 at 1; ECF No. 123 at 2; ECF No. 123-1 at 4, 6, 8. As Murtha acknowledges, ECF No. 121 at 10, the CDC does not list high cholesterol as a condition that elevates the risk a person faces from COVID-19.[6] In its discussion of "serious heart conditions," a category of conditions that do increase the risk of severe illness from COVID-19,

[4] Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 23, 2020).
[5] *Id.*
[6] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 23, 2020).

3

the CDC mentions high cholesterol just once, when it cautions those taking heart disease medicines to "have at least a 30-day supply," including for high cholesterol.[7]  According to Murtha's records, he appears to have a sufficient quantity of medicine for high cholesterol and has not alleged any shortfall.  ECF No. 123-2 at 2.  Thus, Murtha's high cholesterol does not qualify him as medically vulnerable under the CDC guidelines.

Lastly, Murtha cites his exposure to asbestos, and potential future damage to his lungs, as a reason to qualify him as medically vulnerable.  He attaches a medical record indicating that on October 17, 2019, he was exposed to asbestos while working at the warden's house.  ECF No. 123-3 at 2.  In a November 11, 2019 medical questionnaire, however, Murtha reported that he had never otherwise been exposed to asbestos, had never experienced any chest illness or lung issues, and considered himself to be in good health; and, as he acknowledges, his January 3, 2020 chest x-ray showed no abnormalities.  ECF No. 121 at 12; ECF No. 123-3 at 6-8, 14.  Further, as the Government notes, even if Murtha's apparently brief exposure to asbestos eventually causes damage to his lungs, any such asbestos-related disease may not develop before his scheduled release date.  ECF No. 125 at 7.[8]  Thus, Murtha's asbestos exposure does not qualify him as medically vulnerable to COVID-19 under CDC guidelines.[9]

While Murtha may face some increased risk from COVID-19 under the CDC guidelines due to his age, that alone is insufficient to qualify as an "extraordinary" or "compelling" reason

---

[7] *Id.*

[8] *See also* Agency for Toxic Substances and Disease Registry, *Health Effects of Asbestos*, https://www.atsdr.cdc.gov/asbestos/health_effects_asbestos.html (last visited July 23, 2020) (describing the long latency periods, measured in years and decades, associated with asbestos-related diseases, and the risk factors for developing disease: "[People who have contact with asbestos do not always develop health problems. The risk of disease depends on many factors: [h]ow much asbestos is in the air[;] [h]ow often and for how long exposure occurs; [h]ow much time has passed since exposure began; [w]hether the person already has lung or breathing conditions[;] and [w]hether the person smokes tobacco.")

[9] Murtha's argument to the contrary, that *potentially* permanent lung damage from COVID-19 *could* build on and exacerbate *potentially* permanent lung damage from his asbestos exposure, is too attenuated to demonstrate "extraordinary" or "compelling" circumstances.  ECF No. 128 at 5.

warranting a reduction in his term of imprisonment, at least when the factors in 18 U.S.C. § 3553(a) are taken into account, as they must be under Section 3582(c)(1)(A).  Here, the Section 3553(a) factors—especially the seriousness of Murtha's offense and the need to promote respect for the law—weigh heavily against the requested reduction in Murtha's term of imprisonment.

As detailed in the Government's memorandum, Murtha is a former attorney who defrauded numerous clients, friends, neighbors, family members, and a conserved person over a five year period for a total of nearly $2 million.  ECF No. 125 at 1.  The dollar amount of the loss, while quite substantial, was not the primary driver of the sentence I imposed.  ECF No. 111 at 1.  This is a case where punishment—in particular, the need to reflect the seriousness of the offense and the need to promote respect for the law—was a paramount consideration in the sentence.  Murtha was a lawyer who grossly abused the trust that his clients, his friends and family, and society as a whole placed in him.  He did so repeatedly, in a variety of ways, and all to serve his own selfish interests—leaving dozens of traumatized victims in his wake.  ECF No. 125 at 1-2; PSR at ¶¶ 11-38.  His conduct also damaged the legal profession by eroding the trust our society places in lawyers.  His clients and the others he victimized likely will never trust lawyers, or the legal system, again, even when they may need to.  The need to reflect the seriousness of this offense and promote respect for the law would be undermined if his term of imprisonment were ended after just two years.  Indeed, his release would promote disrespect for the law—suggesting that the law shelters its own with special solicitude, even when their medical conditions or age fall short of being compelling or extraordinary.  As I indicated in the judgment in this case, Murtha's offense "called for a lengthy prison sentence - one aimed at sending a message to lawyers and other fiduciaries that the law will treat them severely if they steal from and defraud those they are charged with protecting.  A relatively long sentence was necessary to help restore trust in the legal

profession and - by extension - the legal system." ECF No. 111 at 1.  In balancing the Section 3553(a) factors here, I find that the need to restore trust in the legal profession and the legal system outweighs Murtha's  previously clean criminal record and his limited ability to recidivate because of the loss of his law license and the strict conditions of supervised release I imposed.  ECF No. 111.  When the 3553(a) factors are taken into account, Murtha's case for a sentence reduction is not compelling or extraordinary.

I do not take lightly the danger that COVID-19 poses to inmates—and especially those that are medically vulnerable.  But Murtha has not demonstrated that he is  medically vulnerable. Further, when the Section 3553(a) factors are accounted for in this case, the risk to Murtha's health and safety posed by COVID-19 does not move the needle to the "extraordinary and compelling" level that would warrant ending his term of imprisonment at only a quarter of its proper length.  I therefore must deny this motion.

For the foregoing reasons, Murtha's motion to reduce sentence (ECF No. 120) is DENIED.

IT IS SO ORDERED.

_____
/s/
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              July 27, 2020